# In the United States Court of Federal Claims

No. 23-1286C

(Filed: September 27, 2023)

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| **PATRICK SHUMAKER,** | ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) ) |

*Patrick Shumaker*, Mission, TX, *pro se*.

*Laura O. Aradi*, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

**OPINION AND ORDER**

***SOLOMSON*, Judge**.

On August 7, 2023, Plaintiff, Patrick Shumaker, proceeding *pro se*, filed a complaint against Defendant, the United States, in this Court. ECF No. 1 ("Compl."). Mr. Shumaker alleges that he is a "Black farmer in the State of Texas" and belongs to a group called "Socially Disadvantaged Farmers." *Id.* at 1. He contends that this group has "experience[ed] racial and ethnic prejudice" due to the actions of the United States Department of Agriculture ("USDA") and its officials. *Id.*

The thrust of Mr. Shumaker's allegations is that various USDA employees discriminated against him when they intentionally delayed his access to disaster aid. Compl. At 5. Mr. Shumaker alleges that the USDA repeatedly failed to assist him with his financial aid applications, while at the same time assisting white applicants. *Id.* He claims that the USDA's actions violated the Constitution's Equal Protection Clause, violated the Equal Credit Opportunity Act, and amounted to a criminal conspiracy. *Id.* at 8–13.

Plaintiff is proceeding *pro se*, and this Court generally holds a *pro se* plaintiff's pleadings to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The Court, however, "may not . . . take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only." *Kelley v. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In other words, even a *pro se* plaintiff "bears the burden of proving that the Court of Federal Claims possesse[s] jurisdiction over his complaint." *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, pro se or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements."). In the absence of subject-matter jurisdiction, the Court "must dismiss the action." Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"); *see also Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim." (citing RCFC 12(h)(3))).

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Rather, "a plaintiff must [also] identify a separate source of substantive law that creates the right to money damages." *Id.* (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *Mitchell*, 463 U.S. at 216. With respect to "money-mandating" claims, the plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967).

For the reasons explained below, the Court dismisses Plaintiff's complaint, *sua sponte*, for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*." (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998))).

*First,* to the extent Mr. Shumaker attempts to sue USDA officials individually, this Court is precluded from hearing claims "against individual federal officials." *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997); *see United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[T]he Court of [Federal] Claims' . . . jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the

relief sought is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the court." (internal citations omitted)).  Accordingly, the Court lacks jurisdiction over Mr. Shumaker's claims against individual USDA officials.

*Second,* this Court lacks jurisdiction over Mr. Shumaker's claims brought "under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994); *see Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) (noting that the Court of Federal Claims "has no jurisdiction over criminal matters generally" (citing 28 U.S.C. § 1491)).  Thus, the Court may not entertain Mr. Shumaker's allegations that USDA officials engaged in a criminal conspiracy pursuant to 18 U.S.C. § 241.

*Third*, this Court lacks jurisdiction over Mr. Shumaker's equal protection claim. *See LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("[T]he Equal Protection Clause of the Fourteenth Amendment . . . is [not] a sufficient basis for jurisdiction because [it does] not mandate payment of money by the government.").

Finally, the precedent is far from clear regarding whether this Court has jurisdiction to decide Plaintiff's claim pursuant to the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*  Section 1691e of that statute vests jurisdiction "in the appropriate United States district court…*or in any other court of competent jurisdiction*."  15 U.S.C. § 1691e (emphasis added).  On the one hand, this Court has previously held that it does not have jurisdiction over ECOA claims. *See, e.g.*, *Hall v. United States*, 69 Fed. Cl. 51, 55–56 (2005) (explaining that the "district court, not this court, is the proper forum for plaintiff's ECOA claim"); *Hicks v. United States*, 23 Cl. Ct. 647, 653 (1991).  On the other hand, the Federal Circuit has held that this Court qualifies as a court of "competent jurisdiction" as that term is similarly used in the Fair Labor Standards Act, 29 U.S.C. § 216(b).  *See, e.g., Abbey v. United States,* 745 F.3d 1363, 1370 (Fed. Cir. 2014) (holding that "any Federal or State court of competent jurisdiction" includes the Court of Federal Claims); *see also Metzinger v. Dep't of Veterans Affs.*, 20 F.4th 778, 786 (Fed. Cir. 2021); *El-Sheikh v. United States*, 177 F.3d 1321, 1324 (Fed. Cir. 1999).

Regardless of whether this Court has jurisdiction to decide such a claim, principles of *res judicata*, or claim preclusion, bar Plaintiff's ECOA claim.  As the Supreme Court has articulated the doctrine, if "a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment prevents" parties from relitigating it. *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. --, 140 S. Ct. 1589, 1594 (2020) (citations omitted).  Plaintiff's ECOA claim in this case is essentially the same one he made before the United States District Court for the Southern District of Texas. *See Shumaker v. Vilsack*, 2023 WL 2499341, at *4 (S.D. Tex. Jan. 26, 2023) (granting the federal government's motion for summary judgment when Mr. Shumaker failed to show that the government violated the ECOA by discriminating against him on the basis of race after he applied for

a loan from the Farm Service Agency).[1]  Plaintiff cannot rehash the same arguments in different courts.

For the reasons explained above, the Court hereby **DISMISSES** Plaintiff's complaint either for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3) or, with respect to Plaintiff's ECOA claim, pursuant to Rule 12(b)(6).  The Clerk of the Court is directed to enter **JUDGMENT** for the government, dismissing this case.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge

---

[1] The Farm Service Agency is "an agency of USDA which is generally responsible for administering commodity production adjustment and certain conservation programs of USDA." 7 C.F.R. § 12.2.